Wash, J.,
delivered the opinion of the Court.
This was an action of covenant brought by the appellee against the appellant in the Boone Circuit Court. The case was argued and submitted to the Court, without a jury. Verdict and judgment for the plaintiff, from which the defendant below appealed to this Court. The facts as preserved by the bill of exceptions, are, “that the land sold by the defendant Hedelston, to the plaintiff Field, as set forth in the said plaintiff’s declaration, is the same land that was patented to Virginia Samuel, and her heirs and assigns forever, on the 10th of May, 1826. That the said Virginia Samuel at the time, and before the land was patented to her, was a feme covert, being lawfully married to Edgecomb S. S. Samuel; that Edgecomb S. S. Samuel, aud Virginia his wife, on the 6th of April, 1831, sold and conveyed said land by deed in fee simple, with covenant of warranty, to the defendant Hedelston; that Hedelston, on the first of December, 1831, sold and conveyed the same by a deed in fee, with covenants of warranty and seizin, which said deed is the same upon which the present action is founded.
The sole question raised is, whether Samuel and wife by their deed to Hedelston, conveyed to him an indefeasible estate in fee simple, in and to the land, which had been patented to the wife? In settling this question, we need only look to the provisions of the act regulating conveyances, Revised Code, p. 215, which after pre *70 scribing the manner in which the several deeds should he executed, proved and acknowledged, declaring their effect, &c., provides in the 12th section, p. 221, that “no covenant or warranty contained in any deed, (conveying the real estate of the wife,) shall in any manner bind or affect such married woman or her heirs, further than to convey from her and her heirs effectually, her right a'nd interest, expressed to he granted or conveyed in such deed or conveyance: nor shall any thing therein contained he construed to authorize any husband and wife to convey any estate granted to the wife and her heirs during coverture.” This is precisely such a case as the proviso describes, and on which the restraint of alienation is imposed. The conveyance from Samuel and wife to Hedelston, was inoperative to pass the title, and the Circuit Court adjudged correctly in so deciding. The judgment is therefore affirmed with costs.